UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 11-0354 LJO |
| Plaintiff, | **DECISION ON MOTIONS TO SUPPRESS AND QUASH; ORDER TO VACATE HEARING** |
| vs. | (Docs. 150, 162, 169, 173, 174, 176-180, 229, 242.) |
| RICHARD ANTONIO SALAS, JR., et al., | |
| Defendants. | |
| _____/ | |

## PRELIMINARY STATEMENT

This Court has reviewed numerous motions to suppress and joinders from almost all of the defendants who remain in this case. Specifically, this Court has received substantive motions from defendants Raymond Avalos, Felipe Ramirez, and Shawn Cameron.

Beyond that, the joinders include papers received from defendants Felipe Ramirez, Calixtro Sanchez, Raymond Avalos, Richard Salas, Jr., Jose Velez, Jesus Serrano, Jonathan Mojarro, and Carlos Enriquez.

Rather than spending valuable time specifying which defendants are joining which motions, for the purposes of this order and analysis, this Court presumes that each of the 12 defendants join all substantive motions.

## SUMMARY OF THE CASE

Law enforcement officers initiated an investigation into a large drug trafficking operation allegedly led by defendant Shawn Cameron. Defendant Cameron is alleged to be a

member of the prison gang Nuestra Familia as validated by the California Department of Corrections and Rehabilitation. The drug trafficking operation is allegedly involved in the trafficking methamphetamine throughout central and northern California.

Beginning in January 2010, Alcohol, Tobacco and Firearms special agents and officers assigned to the Kings County Narcotics Task Force began to utilize a confidential informant to conduct controlled purchases of methamphetamine from several members of the targeted drug trafficking operation. Furthermore, this Court authorized the interception and monitoring of telephone calls and electronic communications of certain individuals.

The investigation expanded until ultimately 44 individuals were indicted by the Federal Grand Jury in the Eastern District of California.

**HEARING**

A hearing is set for August 23, 2013 at 8:30 a.m. in this Court on the defense motions. In evaluating all papers relating to the motions, including moving, opposition and reply papers and joinders, this Court finds that the positions of the various parties, including the Government, are clear and concise, and that this Court needs neither further argument nor clarification. As a result, this Court vacates the August 23, 2013 hearing.

**MOTIONS AND JOINDERS**

The motions filed by various defendants and joined by all others contain overlapping issues and arguments. They address and include: (1) the necessity requirement pursuant to 18 U.S.C. § 2518(c); (2) authority under 18 U.S.C. § 2516(1) of a person who is statutorily authorized and qualified to request wiretaps; (3) probable cause required for the issuance of warrants and wiretaps; (4) allegations of a material misrepresentation in an affidavit; (5) whether California Penal Code § 629.64 has been followed concerning the sealing of documents; (6) whether state court orders were overly broad; and (7) whether tracking devices were used to obtain probable cause, and if so, whether court orders were required.

**DISCUSSION**

***Defendant Raymond Avalos***

Defendant Raymond Avalos' motion to suppress the fruits from alleged illegal wiretaps

2

pertains to the target of Wiretap Application Number 3. The arguments include that other less intrusive procedures were available and worked to eliminate the necessity requirement for wiretaps. Specifically successful were use of informant buyers of illicit drugs, countersurveillance, pen registers, search warrants, GPS devices, witness interviews, Grand Jury subpoenas, pole cameras, trash searches, and undercover agents. In sum, there was no need for anything beyond that and, therefore, wiretaps were unnecessary and should have been neither sought, issued nor used.

It is undisputed that defendant Avalos has standing to make this challenge.

18 U.S.C. § 2518(3)(c) requires a full and complete statement of facts supporting the necessity of a wiretap. In this case, it was found in the affidavit.

A summary of traditional methods tried, coupled with reasons that others were not attempted due to unlikely success, was legally satisfactory and reasonable pursuant to the holding in *U.S. v. Gomez*, 358 Fed.3d 1221, 1224 (9th Cir. 2004).

The affidavit includes a full and adequate discussion of physical surveillance, pen registers, undercover personnel, confidential informants, cooperating witnesses, search warrants, subpoenas, witness interviews, pole cameras, GPS involvement, and trackers. Affiant Agent Stearman included all reasons why the other less intrusive procedures were neither sufficient nor used. Under the facts of this case, the reasons are valid.

Defendant Avalos' motion to suppress is denied.

### *Defendant Felipe Ramirez*

The grounds of defendant Felipe Ramirez' motion to suppress the wiretap fruits as to his four cell phones include that the wiretaps were not properly authorized, were based on a material misstatement and/or omission, and lacked probable cause and satisfaction of the necessity requirement.

The Ramirez issues deal with the May 21, 2010 wiretap issued by then U.S. Senior District Judge Oliver Wanger, the July 14, 2010 wiretap issued by Tulare County Superior Court Judge Sevier, and the August 13, 2010 wiretap issued by Tulare County Superior Court Judge Ferguson.

On the issue of whether the wiretap was properly authorized pursuant to 18 U.S.C. § 2516(1), Deputy Attorney General Kenneth Blanco, U.S. Department of Justice, was positioned within the Criminal Division. (See Exhibit A-1 of defendant Ramierz' moving papers, the second attachment to Assistant U.S. Attorney Sanchez' application, at page 2, first full paragraph, wherein it specifically discusses Deputy Assistant Attorney General's position in the Criminal Division.) Compliance pursuant to 18 U.S.C. § 2516(1) is present.

It is unrefuted that defendant Ramirez has standing to challenge the federal wiretap.

The two motions on the state wiretaps (both Tulare County) are moot based on the Government's representation that they will not be used in its case-in-chief.

This Court notes that Ramirez' reply papers argue that the Court should rule on this issue because there is a likelihood that a favorable decision will prevent the Government from using the evidence obtained from the state wiretaps in the prosecution. This Court disagrees. The Government's concession of mootness gives the defense the same result that it requests without the need of a Court ruling. This Court simply needs to (and does) accept the Government's concession.

Probable cause is established based on background, prior conversations, conversations that were intercepted, the content of those conversations (sales of drugs and recruiting others), and the reasons for implicating the specific phones targeted (Phone number 14 and its predecessor). Probable cause was firmly established in the affidavit, was reasonably relied upon by the Court, and was thereafter properly acted upon by the agents/officers.

Since the Government does not rely on the redactions in the affidavit to establish probable cause, the defense is not entitled to those portions of the affidavit. *U.S. v. Forrester*, 616 F.3d 929, 942-943 (9th Cir. 2010).

The necessity requirement for the issuance of a wiretap pursuant to 18 U.S.C. § 2518(1)(c)(iii)(C) (as discussed in the ruling on defendant Avalos' motion) has been fulfilled. The Government's opposition at page 11, line 15 to page 25, line 27 is hereby incorporated by reference.

This Court finds no good cause to turn over the 18 U.S.C. § 2518(6) progress reports

provided to this Court. The underlying documents relied upon by the Government to provide the 18 U.S.C. § 2518(6) summaries have been provided (i.e., the calls, tape recordings, court orders and applications). If this is intended to be a request for discovery, it is denied.

A *Franks* hearing has been requested. Before a *Franks* hearing can be granted, it is the moving party's obligation to establish both that a statement is false and material, and that the false statement was deliberately or recklessly included in the affidavit. This Court agrees with the Government's argument, and finds that the allegation that these factors have been met is a stretch beyond recognition.  Neither has been established. The request for such a hearing is denied.

The motion to suppress the wiretap and the fruits therefrom is also denied.

### Defendant Shawn Cameron

Defendant Shawn Cameron brings a motion to suppress and to quash the wiretap warrants based on an alleged Fourth Amendment violation regarding pen registers, trap and trace devices, GPS tracking devices, wiretaps, and the fruits from those processes.

In reviewing the facts and the law in this case, vehicle trafficking devices were not required at the times in question. The case of *U.S. v. Jones*, __ U.S. __, 132 S.Ct. 945 (2012), was not decided until 2012. *Davis v. U.S.*, __ U.S. __, 131 S.Ct. 2419 (2011), applies and controls, and the Ninth Circuit's citation to, and discussion of *Jones* in *U.S. v. Pineda-Moreno*, 688 Fed.3d 1087 (9th Cir. 2012) changes nothing as to the state of the law.

With regard to the argument applying the application of the Fourth Amendment to cell site location information, there is no reasonable expectation of privacy since such records are in the hands of third parties. 18 U.S.C. § 2703(d) is the proper mechanism for obtaining access to cell records. In addition, there is no Fourth Amendment protection for a person's public movements.

In this case, the cellular GPS location information was obtained by the utilization of numerous procedures. Agents obtained court orders and search warrants. The defendants do not demonstrate any Fourth Amendment violation in this regard. The GPS location information was obtained based upon objective good faith belief in the validity of court orders to invoke the

holding and result in *U.S. v. Leon*, 468 U.S. 897, 926, 104 S.Ct. 3405 (1984). This Court finds that the good faith exception requirements are present and apply.

The defense seems to assert that there was an attempt by Government agents to hide from the Court use of investigative techniques, such as GPS tracking devices. Such assertion does not appear true. Review of the federal wiretap issued on March 26th, 2010 confirms that there is mention that the agents had installed tracking devices and were using them in the investigation.

The motion to suppress is denied.

## INCORPORATION ISSUE

Frankly, the parties should be entitled to a 200-page decision by this Court citing specifics on facts and specifics on law, with added detailed analysis. Sadly, the U.S. Congress has not seen fit to provide the third branch of government within the Eastern District of California the important and necessary resources to be able to provide such an opinion, especially in light of the crushing caseload each District Judge handles.

The parties are assured, however, that this Court has read and considered all of the documents that have been submitted in support of and in opposition to the respective motions. Where this Court has not made reference to a specific fact or to a specific case, such facts and law have been analyzed. This Court is convinced by the Government's oppositions to the motions and the reasoning therein and the facts cited to and the cases relied upon, that the government's opposition is solid and accurate. As a result, this Court concludes that within those briefs, reasonable and appropriate inferences have been drawn and correct conclusions have been reached. This Court incorporates by reference the reasoning and the citations by the government in matters that have not thoroughly been discussed herein.

This is not to suggest, however, that the arguments made by the defense were spurious or in bad faith. Rather, this Court simply indicates that both the legal and factual bases upon which this Court denies the pending motions are addressed and analyzed accurately by the Government.

## CONCLUSION

1     The August 23, 2013 hearing set is vacated and the motions to suppress and quash are

2  DENIED.

3

4

5

6  IT IS SO ORDERED.

7     Dated:   __**August 16, 2013**__                    ____**/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28