HEATHER E. WILLIAMS, #122664
Federal Defender
GRIFFIN ESTES, #322095
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
RICHARD ANTONIO SALAS, JR.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RICHARD ANTONIO SALAS, JR.,<br>Defendant. | Case No. 1:11-cr-00354-JLT-1<br><br>*UNOPPOSED* MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; [~~PROPOSED~~] ORDER<br><br>Hon. Jennifer L. Thurston |

The defense moves this Court for an order terminating supervised release for the above-named defendant. Defense counsel has conferred with counsel for the government, Assistant United States Attorney Antonio Pataca, as well as United States Probation Officer Marissa Frazure, and neither has any opposition to this motion.

Title 18 U.S.C. § 3583(e)(1) grants this Court the power to terminate a term of supervised release at any time after the expiration of one year on a felony case, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c)[1], provided the Court is satisfied that such action

[1] Federal Rule of Criminal Procedure 32.1(c)(1) generally requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." However, no hearing is required if the defendant waives the hearing. Fed. R. Crim. P. 32.1(c)(2)(A). Nor is a hearing required if the relief is favorable to the defendant and the government does not object. Fed. R. Crim. P. 32.1(c)(2)(A) and(B). Under both provisions, no hearing is required here.

is warranted by the conduct of the defendant and in the interests of justice. *See* 18 U.S.C. § 3564(c); *see also United States v. Ponce*, 22 F.4th 1045 (9th Cir. 2022) (clarifying that early termination of supervised release is not just reserved for rare cases involving exceptionally good behavior).

Mr. Salas was sentenced in the instant case on April 23, 2014, to 240 months in custody, with a 5-year term of supervised release to follow. *See* Dkt. #528. On July 18, 2022, this Court granted to motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), reducing his sentence to 193 months. Dkt. # 857. Mr. Salas term of supervised release began on March 31, 2023. As of the date of this filing, Mr. Salaslar has been on supervised release for a period of approximately 41 months, out of the initially imposed 60-month term. During that time, no petitions for violation of supervised release have been filed. He has maintained a stable residence and employment through his period of supervision. At present, Mr. Salas is on low supervision and is living a positive, pro-social, and law-abiding life. Presently, Mr. Salas is working for a union, on a project involving the high-speed rail. He has purchased a home. Mr. Salas is now married. Continued supervision is no longer necessary given Mr. Salas' successfully reintegration into the community.

On August 12, 2026, Mr. Salas' probation officer, Marissa Frazure, indicated that probation had "no objection" to early termination in Mr. Salaslar's case. Similarly, on August 27, 2026, Assistant United States Attorney Antonio Pataca indicated via email that the Government did not object to early termination. This unopposed motion was reviewed and approved by Mr. Pataca.

Based on the foregoing, the defense submits that early termination of supervised release is warranted based on the conduct of Mr. Salas and is in the interests of justice. *See* 18 U.S.C. § 3583(e)(1).

//

//

//

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated: September 8, 2026

*/s/ Griffin Estes*
GRIFFIN ESTES
Assistant Federal Defender
Attorney for Defendant
RICHARD ANTONIO SALAS, JR.

**O R D E R**

IT IS SO ORDERED. Pursuant to 18 U.S.C. § 3583(e), the Court hereby terminates Defendant Richard Antonio Salas, Jr.'s term of supervised release.[2]

IT IS SO ORDERED.

Dated: September 9, 2026

UNITED STATES DISTRICT JUDGE

---

[2] The Court observes that the position taken in the footnote is contrary to the determination made in *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021)["Nor was the district court required to hold a hearing on Langenbach's motion. See Fed. R. Crim. P. 32.1(c)(1) (hearing required only if the court is modifying the conditions of supervised release)," and by other courts. *See e.g., United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) ["The dissent claims that we "fault" the district court for not holding a hearing or receiving a response from the government or probation office. Dissent Op. at 825. This is incorrect, and we do not suggest that a hearing or response was needed in this case."] *United States v. Reagan*, 162 F. App'x 912, 913 (11th Cir. 2006) ["The plain language thus merely requires a court to hold an evidentiary hearing before modification of a term of supervised release. [Cite] A refusal to terminate supervised release does not constitute a modification of the term of supervised release."]